UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Janice Washington,

     Plaintiff,

v.                                     Case No. 20-10289

Wayne County Community College      Sean F. Cox
Federation of Teachers,              United States District Court Judge

     Defendant.

_____/

**<u>ORDER GRANTING SUMMARY JUDGMENT AS TO PLAINTIFF'S FEDERAL CLAIMS, DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS, AND REMANDING STATE-LAW CLAIMS</u>**

Plaintiff Janice Washington filed suit against Defendant Wayne County Community College Federation of Teachers in Wayne County Circuit Court, asserting employment discrimination claims under both state and federal law.  On February 5, 2020, Defendant removed the case to this Court, based upon federal-question jurisdiction over Plaintiff's claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") and her claims brought under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (the "ADA").  The case was assigned to the Honorable Judith E. Levy.

Following the close of discovery, Defendant filed a Motion for Summary Judgment. Judge Levy referred the motion to Magistrate Judge Kimberly Altman, for issuance of a report and recommendation.

Thereafter, on April 15, 2021, the magistrate judge issued her Report and Recommendation (ECF No. 13) (the "R&R") wherein she recommends that the Court grant

Defendant's Motion for Summary Judgment.  The magistrate judge noted that, in response to Defendant's motion, "Washington agrees that the Union does not meet the employee requirements for Title VII or the ADA" and recommends that all federal claims in this case be dismissed.  The magistrate judge then recommends that the Court exercise supplemental jurisdiction over Plaintiff's state-law claims, analyzes Defendant's challenges to those claims, and recommends that the Court grant summary judgment in favor of Defendant as to the state-law claims.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R.  The district judge to whom the case is assigned reviews those objections, and any response to the objections from the opposing party.  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

On April 20, 2022, this case was reassigned to the undersigned judge, pursuant to Administrative Order 22-AO-024.

The matter is currently before this Court on Plaintiff's objections to the R&R.  Defendant has responded to those objections.

Plaintiff does not object to the magistrate judge's recommendation that Plaintiff's federal claims be dismissed.  Plaintiff's objections address only the recommendations as to Plaintiff's state-law claims.

Before addressing any issues relating to Plaintiff's state-law claims, however, this Court considers the magistrate judge's recommendation that this Court exercise supplemental

jurisdiction over those claims.  While this issue presents a close call, given that discovery has concluded and a dispositive motion was filed and briefed, this Court respectfully disagrees with the recommendation that the Court exercise supplemental jurisdiction over Plaintiff's state-law claims.

Pursuant to 28 U.S.C. § 1367(a), a district court may decline to exercise supplemental jurisdiction over state-law claims in various circumstances, including when the district court dismisses all claims over which it has original jurisdiction.

Once a federal district court no longer has federal claims to resolve, it "should not ordinarily reach the plaintiff's state-law claims."  *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).  Because "[c]omity to state courts is considered a substantial interest," the Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed – retaining jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co. of Columbus*, Inc., 423 F. App'x 580, 584 (6th Cir. 2011) (quoting *Moon, supra*); *see also Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.").

Here, Plaintiff abandoned her federal claims during the course of the first (and only) motion filed in this case, no prior rulings as to the state-law claims have been made, and this

case was very recently reassigned to the undersigned judge.[1]  This Court concludes that these circumstances favor remand back to the state court.  The state court is best equipped to decide the remaining issues of state law.

Accordingly, the Court **ORDERS** that the R&R is **ADOPTED IN PART AND REJECTED IN PART**.  The R&R is **ADOPTED** to the extent that the Court **GRANTS** summary judgment in favor of Defendant as to Plaintiff's federal claims asserted under Title VII and the ADA.

Because this Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over Plaintiff's state-law claims, the remainder of the R&R is **REJECTED** and the Court **ORDERS** that Plaintiff's remaining state-law claims are **REMANDED** to the Wayne County Circuit Court.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  May 11, 2022

---

[1]The magistrate judge, of course, could not have anticipated that this case would later be reassigned to a new judge, with no familiarity with the case, when she issued her R&R on April 15, 2021.